# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SHAHAN,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST NATIONAL TRUST COMPANY; CAL-WESTERN RECONVEYANCE CORPORATION; NATIONSTAR MORTGAGE LLC; AMERICAN SERVICING COMPANY, and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendant. | CASE NO. 12-CV-1350 JLS (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 15) |

　　　On June 6, 2012, Plaintiff Roger Shahan ("Plaintiff") filed a complaint against Defendants for wrongful foreclosure, breach of contract, violation of California Civil Code §§ 2932.5, 2923.5, 2923.6, 2932.5, and 2934, fraud-intentional, fraud-concealment, negligence, violation of Real Estate Settlement Procedures Act ("RESPA"), violation of California Financial Code § 50505, unfair debt collection practices in violation of the Rosenthal Act, and violation of California's Business & Professions Code § 17200. (Compl., ECF No.1.) On June 27, 2012, Defendants America's Servicing Company and Deutsche Bank National Trust Company ("Defendants") filed a Motion to Dismiss Plaintiff's Complaint or Alternatively, Motion for a More Definite Statement.

(Mot. to Dismiss, ECF No. 15.)

On June 28, 2012, the Court set a briefing schedule on Defendants' motion. (ECF No. 16.) Pursuant to the briefing schedule, Plaintiff's opposition to Defendants' motion was due by July 23, 2012. On July 30, 2012, the Court granted Plaintiff's *ex parte* motion[1] to extend Plaintiff's time to respond to August 2, 2012 and vacated the hearing set for the motion on August 9, 2012. (ECF No. 18.) Since then, the Court has received no opposition—timely or untimely—to Defendants' motion. On August 9, 2012, Defendants filed a reply indicating that Plaintiff "has failed to file an Opposition." (Reply in Supp., ECF No. 19.) As of the date of this Order, Plaintiff has failed to oppose Defendants' motion.

"The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond." *Navarro v. Greenlight Fin. Servs.*, No. 10cv1631, 2010 U.S. Dist. LEXIS 111018, at *3–4 (S.D. Cal. Oct. 19, 2010) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)). Under Civil Local Rule 7.1.f.3.c, "[i]f an opposing party fails to file the papers in the manner requested by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by court order.

Although public policy favors disposition of cases on their merits, *see, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), "a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12(b)(6) motion," *Navarro*, 2010 WL 4117444, at *2. "Thus, this policy lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction." *Id.* The public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the potential

---

[1] The Court notes that Plaintiff's *ex parte* Request to Enlarge Time to File Opposition to Defendant's [sic] Motion to Dismiss, filed on July 24, 2012, was filed after the deadline for Plaintiff's opposition had already expired. (ECF No. 17.)

prejudice to Defendants all weigh in favor of dismissal.  *See Ghazali*, 46 F.3d at 53.  The Court finds that dismissal of this action pursuant to Civil Local Rule 7.1(f)(3)(c) serves to vindicate these interests given that several cases on similar footing are currently pending before the Court and awaiting resolution.

Defendants requests dismissal of Plaintiff's claims without leave to amend.  (Mot. to Dismiss, ECF No. 15-1 at 2.)  Nevertheless, the Court considers dismissal with prejudice premature.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** Plaintiff's claims against Defendants **WITHOUT PREJUDICE**.  If Plaintiff wishes to continue litigating this case against Defendants, he **SHALL FILE** an amended complaint addressing the deficiencies raised in Defendants' motions within 14 days of the date that this Order is electronically docketed.

**IT IS SO ORDERED.**

DATED:  November 5, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge